[No. 12195.    Department One. — March 20, 1888.]

## IN THE MATTER OF THE ESTATE OF CALEB DORSEY, DECEASED.

ESTATE OF DECEDENT — SALE OF REAL ESTATE — ORDER FOR PUBLIC OR PRIVATE SALE. — Under section 1544 of the Code of Civil Procedure, an order for the sale of the real estate of a decedent, made at the instance of a creditor, should direct that the sale be made at public auction, unless in the opinion of the court the best interests of the estate would be subserved by a private sale. Where, however, a private sale is asked for in the petition, the court may act upon the opinion of the executor or administrator and order such a sale to be made.

ID. — TIME FOR PRIVATE SALE. — An order for the private sale of certain real estate of a decedent which limits the time within which the sale can be made to a period sufficient to give twenty days after the publication of notice of the sale for the reception of bids, is not unreasonable.

APPEAL from an order of the Superior Court of Tuolumne County directing the sale of the real estate of a decedent.

The facts are stated in the opinion.

*F. W. Street*, for Appellant.

*F. D. Nicol*, for Respondent.

BELCHER, C. C. — It appears from the record that Caleb Dorsey died at Sonora, in the county of Tuolumne, on the twenty-eighth day of March, 1885. In July following Esther M. Dorsey was duly appointed and qualified as administratrix of his estate. The estate consisted of a

small amount of personal property, a dwelling-house and lot in Sonora, several gold mines and interests in mines, and a water ditch and water right connected therewith. By an order of the court, the dwelling-house and lot were set aside for the use of the administratrix and her family. Claims against the estate were presented and allowed, aggregating more than seven thousand eight hundred dollars. In October, 1885, an order was made and entered by the court authorizing the administratrix to sell all the mining properties and ditch at private sale, but no bids were received and no sales effected.

On the twenty-fifth day of January, 1887, George Winnie—the largest creditor of the estate—presented to the court a petition which, after setting out the necessary facts, asked that an order be made directing that all the real property of the estate (except the portion thereof set aside for the family of deceased) be sold at public auction to the highest bidder for cash. After due notice, this petition was heard, and on the third day of March an order was made, authorizing and directing the administratrix to sell at public auction, and in one parcel or subdivisions, as she should judge most beneficial to the estate, the ditch and all the mines and interests in mines belonging to the estate, except the mine known as the Lady Washington mine, or so much thereof as should be necessary. The order further directed that the Lady Washington mine be sold at private sale, "said sale to be made on or before the ninth day of April, 1887." The administratrix was present at the hearing of the petition, and objected to having the property sold at public auction, on the ground that a private sale would be most beneficial to the estate and to the creditors thereof.

The appeal is by the administratrix from the order as made and from the whole thereof.

In support of the appeal, it is urged that the court erred in ordering the property to be sold at public auc-

tion, when, in the judgment of the administratrix, it could be more beneficially disposed of at private sale. It is said that the court should have accepted and acted on her judgment in the matter.

The objection is met and fully answered by the code. Section 1544 of the Code of Civil Procedure, providing for sales of the kind in question, says: "Every such sale must be ordered to be made at public auction, unless, in the opinion of the court, it would benefit the estate to sell the whole or some part of such real estate at private sale. The court may, if the same is asked for in the petition, order or direct such real estate, or any part thereof, to be sold at either public or private sale, as the executor or administrator shall judge to be the most beneficial for the estate."

Under this provision, all sales must be made at public auction, unless, in the opinion of the court, the best interests of the estate would be subserved by a private sale. When, however, a private sale is asked for, the court may act upon the opinion of the executor or administrator, and order such a sale to be made. In this case a private sale was not asked for, and there is nothing in the record to show that the judgment of the court was not properly exercised.

It is also urged that the court erred in requiring the sale of the Lady Washington mine to be made on or before the ninth day of April, 1887. It is said that it would have been impossible for the administratrix to have complied with the order, and section 1549 of the Code of Civil Procedure is cited in support of the contention. That section provides that notice of the sale must be posted and published for two weeks successively next before the day on or after which the sale is to be made. "The notice must state a day on or after which the sale will be made, and a place where offers or bids will be received. The day last referred to must be at least fifteen days from the first publication of notice;

and the sale must not be made before that day, but must be made within six months thereafter." As the order was made on the third day of March, we are unable to see why the administratrix could not have complied with it. Suppose, for instance, the notice had been published on the fourth day of March, and the twentieth day of the same month had been designated as the day on or after which the sale would be made, there would then have been left twenty days during which offers or bids might have been received. Certainly this might have been, and so far as we are advised was, a sufficiently long time within which to make the sale.

We find no errors in the record, and the order appealed from should, therefore, be affirmed.

HAYNE, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order appealed from is affirmed.