[No. 15634.   In Bank.—August 2, 1895.]

## JESSE BURRIS, RESPONDENT *v.* CATHERINE KENNEDY ET AL., APPELLANTS.

ESTATES OF DECEASED PERSONS — PROBATE JURISDICTION OF SUPERIOR COURT— CONSTITUTIONAL LAW—GENERAL JURISDICTION.—In this state the superior courts are given jurisdiction by the constitution of all matters of probate, in like manner as they are given jurisdiction of cases at law and in equity, and the grant of jurisdiction in regard to matters of probate is part of the general jurisdiction of the superior court.

ID.—PROBATE JURISDICTION NOT STATUTORY.—The superior court, while sitting in probate, is not a statutory tribunal, and does not derive its power from the act of the legislature.

ID. — NATURE OF PROBATE PROCEEDINGS — SPECIAL PROCEEDINGS — PRESUMPTIONS.—Probate proceedings are not classed by the constitution as special proceedings, though the administration of an estate so far as it can be called a judicial remedy is classed as a special proceeding in the code; but it is a proceeding *in rem*, which is not, in the technical sense, such a special proceeding unknown to the framework of the common law as will change the presumptions which attach to the action of the

108  331
112  268

108  331
117  350

108  331
119  149
119  500

108  331
120  351

108  331
127  458

108  331
f131   5

108  331
133  263

108  331
137  184
137  186

superior court as a court of general jurisdiction derived from the constitution, and it does not become *pro hac vice* a court of inferior and limited jurisdiction.

ID. — MODE OF ACTION REGULATED BY CODE. — Although the superior court derives its authority from the constitution it is controlled as to the mode of its action by the code, and the legislature may regulate the mode in which the court shall exercise its jurisdiction, though it cannot circumscribe its powers.

ID.—PRESUMPTION AS TO PROBATE DECREES—COLLATERAL ATTACK.—Under the constitution of 1879, the same presumption attaches to decrees in probate proceedings upon collateral attack, as to judgments in cases at common law or in equity, and the sufficiency of the proceedings or petition will be tested by the same liberal rule which applies to the pleadings in an ordinary action upon such attack.

ID.—APPLICATION TO SELL REAL ESTATE OF DECEDENT — NATURE OF JURISDICTION—INDEPENDENT STEP IN ADMINISTRATION.—In undertaking and passing upon an application to sell real estate belonging to a decedent, the court is not acting as a special tribunal, but is in the exercise of its general jurisdiction over the subject matter derived from the constitution; but such application is an independent step or proceeding in the administration of the estate, and it is essential that the application be made substantially as provided by statute.

ID.—POWER OF LEGISLATURE — SALE OF PROPERTY. — The legislature has the power to direct how either real or personal property of a decedent shall be sold.

ID.—PETITION AND NOTICE—JURISDICTION—ERRORS—VALIDITY OF DECREE. Under the statute, the filing of a petition for an order of sale, and the giving of notice and an opportunity for hearing, are jurisdictional and essential to the power of the court to order the sale; but, if the court has, by the petition and notice, acquired jurisdiction, errors afterward in the exercise of it, however gross, will not render the decree invalid.

ID. — SUFFICIENCY OF PETITION — DESCRIPTION OF REAL ESTATE — STATEMENT OF GENERAL FACTS.—Under section 1537 of the Code of Civil Procedure, as amended in 1874, no sale of real estate is made invalid by reason of the omission to give in the petition a description of all the real estate of which the deceased died seised or the value or condition of the different parcels, and the petition is sufficient to support the validity of a decree for the sale of the property, where it states general facts showing that the sale was necessary.

ID.—ORDER OF SALE — IRREGULAR ORDER NUNC PRO TUNC. — Where, on the return day of an order to show cause why an order to sell real estate should not be made, a hearing was had and proofs were made, and a decree was ordered directing the sale, and, on a subsequent day, another order of sale was made, referring to the same petition, and reciting that the order theretofore made had been vacated for errors, and the sale took place under the second order, such order must be deemed a *nunc pro tunc* order, though not made so in form, and must be regarded as the decree rendered at the hearing, although by a mistake a different decree was then entered.

ID. — REFERENCE OF BOND TO DATE OF VACATED ORDER. — A bond for the sale of real estate is not invalidated by the fact that it referred to

the order of sale as made at the date of the hearing, though the order of that date was vacated, and the order under which the sale was made was actually dated at a subsequent date, where the latter order sufficiently shows that it was intended to be *nunc pro tunc*, and that its true date would have been the date of the hearing, and the bond was approved after the date of the *nunc pro tunc* order.

ID. — ERROR IN ORDERING SALE — VALIDITY OF SALE. — Any error of the court in ordering a private sale rather than a public sale, or in determining that a sale was necessary, does not affect the validity of the sale.

ID. — PURCHASE BY ADMINISTRATRIX FROM PURCHASER — VIOLATION OF CODE — VOIDABLE ACT — RESCISSION. — A contract by the administratrix with the purchaser at the administrator's .sale to purchase the property from him before the confirmation of the sale, is a violation of section 1576 of the Code of Civil Procedure, but does not render the sale or conveyance to the administratrix absolutely void; but it is only voidable within a reasonable time at the election of the heirs or other persons interested in the estate, who must rescind and restore to the purchaser the money paid as a consideration.

ID. — ACTION BY HEIRS TO QUIET TITLE — FRAUD NOT PLEADED. — Where the heirs of the decedent brought an action to quiet title as against the purchasers at the administrator's sale they cannot rely upon fraud not pleaded to set aside the title procured by the defendants.

ID. — ANSWER — DENIAL OF TITLE — DEFENSE REFERRING TO ADMINISTRATOR'S SALE — AIDER OF COMPLAINT. — The fact that the answer, in addition to a denial of plaintiff's title, pleaded further defenses respecting the administrator's sale, and claimed that the plaintiff was estopped from assailing it; that the sale had been ratified, and that the defendants, in case the sale was held void, were entitled to be subrogated to the rights of creditors of the estate as against the heirs, cannot change the theory of plaintiff's action to quiet title, or aid the complaint so as to entitle plaintiff to a rescission of the sale as fraudulent, no fraud or notice of fraud being alleged in the complaint, or rescission sought therein.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. JOHN ELLSWORTH, Judge.

The facts are stated in the opinion of the court.

*Hutchinson & Campbell*, and *Donald Y. Campbell*, for Appellants.

The probate sale was valid, there being no failure of the court to acquire jurisdiction, and it cannot be held void for failure literally to comply with all the directions of the statute, but a substantial compliance is enough, and mere errors in the exercise of jurisdiction

will not invalidate the sale. (*Burris* v. *Adams*, 96 Cal. 664; *Richardson* v. *Butler*, 82 Cal. 174; 16 Am. St. Rep. 101; *Stuart* v. *Allen*, 16 Cal. 501; 76 Am. Dec. 551; Code Civ. Proc., sec. 1537; *Wilson* v. *Hastings*, 66 Cal. 243; *Richardson* v. *Musser*, 54 Cal. 196.) Plaintiff and his grantor are estopped to question the administrator's sale, his grantor having received and retained the proceeds of the sale. (*Stockton Sav. Bank* v. *Staples*, 98 Cal. 189; Bigelow on Estoppel, 533, 579; *Scott* v. *Jackson*, 89 Cal. 258; *Carter* v. *Allan*, 21 Gratt. 241; *Swain* v. *Seamens*, 9 Wall. 254; *Nell* v. *Dayton*, 43 Minn. 242, 244; *Robertson* v. *Bradford*, 73 Ala. 116; *Davis* v. *Gaines*, 104 U. S. 386; *Goodman* v. *Winter*, 64 Ala. 410; 38 Am. Rep. 13; *Schenck* v. *Sautter*, 73 Mo. 46; *Moore* v. *Hill*, 85 N. C. 218; *Field* v. *Doyon*, 64 Wis. 560; *Vallette* v. *Bennett*, 69 Ill. 632; *Henderson* v. *Herrod*, 23 Miss. 434; *Tipton* v. *Powell*, 2 Cold. 19; *Smith* v. *Wert*, 64 Ala. 34; *Watt* v. *Scott*, 3 Watts, 79; *Gowan* v. *Jones*, 10 Smedes & M. 164; *Moore* v. *Greene*, 19 How. 69; Freeman on Void Judicial Sales, ed. 1890, pars. 43, 50.) The plaintiff cannot rely upon fraud not pleaded. (*Burris* v. *Adams*, *supra*; *Wetherly* v. *Straus*, 93 Cal. 283; *Capuro* v. *Builders' Ins. Co.*, 39 Cal. 123; *Oroville etc. R. R. Co.* v. *Plumas*, 37 Cal. 354; *Leszinsky* v. *White*, 45 Cal. 278; *Castle* v. *Bader*, 23 Cal. 75; *Goodwin* v. *Goodwin*, 59 Cal. 560; *Estate of Kidder*, 66 Cal. 487; *Truebody* v. *Jacobson*, 2 Cal. 269; *Hicks* v. *Murray*, 43 Cal. 515; *Green* v. *Hayes*, 70 Cal. 276; *Gregory* v. *Bovier*, 77 Cal. 122.) The purchase at the administrator's sale was not void. (*Boyd* v. *Blankman*, 29 Cal. 20; 87 Am. Dec. 146.)

*Sharp & Bolton*, for Respondent.

A proper petition for the sale of real estate is essential to give the court jurisdiction to order a sale. (*Estate of Boland*, 55 Cal. 315; *Pryor* v. *Downey*, 50 Cal. 398; 19 Am. Rep. 656; *Haynes* v. *Meeks*, 20 Cal. 312; *Wilson* v. *Hastings*, 66 Cal. 245; *Estate of Rose*, 63 Cal. 348; *Kertchem* v. *George*, 78 Cal. 597; *Gharky* v. *Werner*, 66 Cal. 388.) The sale was void, the administratrix having

taken a deed to a portion of the property before the sale
was confirmed.   (Code Civ. Proc., sec. 1576; Civ. Code,
sec. 1667; *Jones* v. *Hanna*, 81 Cal. 509; *Bergin* v. *Haight*,
99 Cal. 52; *Harrison* v. *McHenry*, 9 Ga. 164; 52 Am.
Dec. 435; *Chandler* v. *Moulton*, 33 Vt. 247; *Woodbury* v.
*Parker*, 19 Vt. 353; 47 Am. Dec. 695; *Mills* v. *Goodsell*,
5 Conn. 475; 13 Am. Dec. 90; *Holman* v. *Johnson*, Cowp.
341.)   The sale, being void, could not be made opera-
tive by ratification.   (Greenhood on Public Policy, 8–35,
529–51; *Danielwitz* v. *Sheppard*, 62 Cal. 339; Civ. Code,
sec. 3513; *United States* v. *Grossmayer*, 9 Wall. 75; *Moss*
v. *Shear*, 25 Cal. 45; 85 Am. Dec. 94; *Kelsey* v. *Abbott*, 13
Cal. 609.)   The receipt of money or consent to the sale
does not estop.   (*Flege* v. *Garvey*, 47 Cal. 377; *Hill* v.
*Den*, 54 Cal. 7; *McCracken* v. *San Francisco*, 16 Cal. 627;
*Billings* v. *Morrow*, 7 Cal. 175; 68 Am. Dec. 235; *Price*
v. *Sturgis*, 44 Cal. 595; *Farish* v. *Coon*, 40 Cal. 50.)

TEMPLE, J.—This is an action to quiet title, and the
complaint contains only the allegations that plaintiff is
the owner of the demanded premises, and the defend-
ants claim title to the same adversely to plaintiff.   De-
fendants claim under a probate sale.

Plaintiff's grantor, Annie Church, now Mrs. Spauld-
ing, and defendant, Mrs. McNeil, were practically sole
heirs of James Kennedy, deceased, from whom both par-
ties derive title.   I say practically, for James Kennedy
died intestate, leaving a widow, Mrs. Spaulding's mother,
who took one-half the estate, and before the administra-
tion was closed herself died testate, leaving Miss Church
sole devisee.   Her will was probated, and all her estate
distributed to Miss Church.   It is agreed that plaintiff
simply represents Miss Church, who is interested in this
suit as plaintiff.

Mrs. McNeil is the sole surviving child of James Ken-
nedy, deceased, and his sole heir.   She was also admin-
istratrix upon his estate.

Respondent contends that the probate sale under which
the defendants claim is void, because:

1. Neither the petition for the sale nor the order of sale contain a statement of the jurisdictional facts.

The determination of this question depends somewhat upon the nature of the tribunal. The order was made by the superior court of Sonoma county in 1887.

That court has general jurisdiction derived from the constitution. We have in this state no probate court, but superior courts are given jurisdiction of all matters of probate just as they are given jurisdiction of cases at law and in equity.

The grant of jurisdiction in regard to matters of probate is contained in the general definition of the jurisdiction of the court. After stating various classes of cases, or matters of which the court has jurisdiction, it is said, "and of all such special cases and proceedings as are not otherwise provided for." The court is not, therefore, while sitting in probate, a statutory tribunal, and does not derive its power from the act of the legislature. Nor are probate proceedings classed by the constitution as special proceedings.

If the administration of an estate can be called a "judicial remedy," then it is classed as a special proceeding in the code, which divides all "remedies" into adversary actions and special proceedings.

It is a proceeding *in rem* which is not, in the technical sense, such a special proceeding unknown to the framework of the common law as will change the presumptions which attach to the action of the court, making it *pro hac vice* a court of inferior and limited jurisdiction.

If this was ever a matter of doubt it was set at rest by the case *In re Burton*, 93 Cal. 459. It was there said: "No distinct 'court of probate' has been created or recognized by the present constitution of this state. The constitution has created superior courts and has given them original jurisdiction of the subject matter of various classes of actions and special proceedings, more or less distinct from each other; among which are 'all actions at law which involve the title or possession of real prop-

erty,' and 'all such special cases and proceedings as are not otherwise provided for,' and 'all matters of probate.'"

It is further said: " The superior court, while sitting in matters of probate, is the same as it is while sitting in cases in equity, in cases at law, or in special proceedings; and, when it has jurisdiction of the subject matter of a case falling within either of these classes, it has power to hear and determine, in the mode provided by law, all questions of law and fact, the determination of which is ancillary to a proper judgment."

It is true the court, although deriving its authority from the constitution, is controlled in the mode of its action by the code, and so it is to the same extent when foreclosing a mortgage, or trying an action on a promissory note. In both cases it is pursuing the mode prescribed by a statute, but in neither does it derive its power from the statute. Indeed, while the legislature may regulate the mode in which the court shall exercise its jurisdiction, it cannot circumscribe its powers.

This was not the case in former constitutions. By the constitution of 1849 a separate tribunal was created. The county judge was directed and authorized to perform the duties of surrogate and probate judge. And it was held that the legislature could grant only a special and limited power to a county judge when acting as probate judge; that it had and could be vested with none of the jurisdiction conferred upon other courts unless by express authority found in the constitution. Such courts were said to have only a special and limited jurisdiction, and it was required that its records should show a strict compliance with the law directing and authorizing their action.

This rule was found intolerable, and in 1858 an act was passed directing that the same force and effect and the like presumption should attach to their proceedings as to the proceedings in the district courts.

This act has been held valid, and probate orders made since its passage can be collaterally attacked only on such grounds as would have been valid against like

orders made by the district court. (*Irwin* v. *Scriber*, 18 Cal. 499; *Estate of Spriggs*, 20 Cal. 121; *Halleck* v. *Moss*, 22 Cal. 266.)

The amendment of 1862 still left the probate court a separate and special tribunal which did not have full probate jurisdiction. (*Bush* v. *Lindsey*, 44 Cal. 121.)

In the constitution of 1879 all this was changed. The jurisdiction was given to the highest court in the state having a general common-law jurisdiction. The same presumption must now attach to decrees in probate proceedings upon collateral attack as to judgments in cases at common law or in equity, and the sufficiency of the proceedings or petition will be tested by the same liberal rule which applies to the pleadings in an ordinary action upon such attack.

From the view I take of the matter it is not important to determine whether the application to sell real estate is a step in the administration or not, although I do not doubt that it is. What is meant when it is said that it is an independent proceeding is simply that it is essential that the application should be made substantially as provided by statute; otherwise the court has no power to order the sale, or the administrator to sell. This I admit, claiming only that in entertaining the application and in passing upon it the court is not acting as a special tribunal to which a matter is referred, but is in the exercise of its general jurisdiction over the subject matter, derived from the constitution.

One prominent purpose of administration is to pay the debts of the estate from the real and personal property of the deceased. The administrator is by law charged with this duty. To sell real estate to pay the debts is as plainly a step in the administration as is the sale of personal property for the same purpose. But although it is within the scope of the administration to sell either real or personal property, the legislature has the power to direct how this shall be done. I think the legislature could have authorized the administrator to do so without any order or decree of the court, or might

have authorized the court to make the order without petition or notice.

It has, however, prescribed that a petition shall be filed, and that notice should be given, and an opportunity for a hearing shall be afforded. Since the procedure is one in which there are no adversary parties present at all times in court it is reasonable to hold, as has always been held, that these acts are essential to the power on the part of the court to order the sale. In that sense the petition and notice are jurisdictional. As in all similar matters, however, if the court has by the petition and notice acquired jurisdiction, errors afterward in the exercise of it will not render the decree invalid.

I think there has been no time since 1858 when a sale of real estate would have been held void because it omitted to give a description of all the real estate of which the deceased died seised or the value or condition of the different parcels. Such are the alleged defects in this case.

But whatever strictness was formerly required, there can be no question since the amendments to section 1537 made in 1874.

As the statute now reads no sale is invalid on account of the omission to state in the petition any of the matters enumerated, provided the general facts showing that a sale is necessary are proven and found. Section 1537 expressly requires the statement of some facts which have no bearing upon the question of the necessity of the sale. The description of the real estate or its value can throw no light upon that matter. These and some other matters are required to be stated to enable the court to exercise its discretion more intelligently after it has determined the sale to be necessary.

General facts showing that a sale is necessary are set out in the petition, and the decree imports a finding of their truth and that evidence to that effect was given at the hearing.

The facts showing that a sale is necessary are that

there are debts; that an allowance has been made for the support of the family, or that there are expenses of administration, and that there is not sufficient money in the hands of the administrator to pay them.

Such facts are alleged in the petition, and, though erroneous, the decree is not void, nor the sale invalid on that ground.

2. Many irregularities in the proceedings in the probate court are pointed out and insisted upon as rendering the sale void. If the court had jurisdiction, errors in the exercise of it, however gross, would not render the decision invalid.

It is charged that no order to show cause was made or published; that no bond was given; that a private sale was ordered when no appraisement had been made within the year, and that the records show that a sale was not necessary.

The only points here sufficiently serious to require notice are the two first mentioned, that no order to show cause was made and no bond executed. They depend upon the same facts.

The return day mentioned in the order to show cause was the fourth day of April, 1887. On that day a hearing was had and proofs made. A decree directing a sale was also made on that day. On the 11th—seven days later—another decree or order of sale was made referring to the same petition, and reciting that the order theretofore made in the matter had been vacated for errors. Under this order made on the 11th the sale took place. It is not in form a *nunc pro tunc* order, but I think it sufficiently appears that it is such. It was evidently in lieu of the order made on the 4th, and must be regarded as the decree then rendered, although by mistake a different decree was then entered.

The bond refers to the order as made on the 4th. The decree, as above stated, is actually dated as of the 11th, but sufficiently shows that its true date would have been the 4th. The bond was approved May 27th,

long after the first order had been vacated and the *nunc pro tunc* order substituted.

If the court erred in ordering a private sale rather than a public sale, or in determining that a sale was necessary, this was mere error, and does not affect the validity of the sale.

3. But it is contended that the sale is void for another reason. After the sale had been made, and two days before the confirmation, Mrs. McNeil, the administratrix, and a Mrs. Kennedy contracted with Potter, who purchased at the administrator's sale, to purchase the property from him, or to make an exchange for other lands belonging to them. In pursuance of the contract Potter, at the same time, conveyed the land to Mrs. McNeil and Mrs. Kennedy by grant. This was a violation of section 1576 of the Code of Civil Procedure, and is therefore, respondent claims, void.

There is no evidence, nor is it found, that the sale was made to Potter for the benefit of Mrs. McNeil and Mrs. Kennedy, but, supposing that until the date of the deed Potter was acting for himself, still Mrs. McNeil had no right to be interested in the purchase. Her duty as administratrix had not ended. It was incumbent upon her to prevent the confirmation if a better price could be obtained, or if a sale was not necessary. Yet considering the sale as made to the administratrix *per interpositam personam* it was not void. This was decided in *Boyd* v. *Blankman,* 29 Cal. 20, 87 Am. Dec. 146, after an elaborate consideration, and that conclusion has never been overruled or modified. It was there said: " We are of opinion that, by holding the sale to be void at the election of heirs or other persons interested in the estate, the mischief intended to be prevented by the statute will be obviated, and at the same time those who in good faith and without notice of the constructive fraud of the administrator had acquired the title through the agent who purchased the property for the use of the administrator will be protected from losses."

If the sale was absolutely void, as an illegal trans-
action, innocent purchasers would not be protected.
Under the rule laid down the unfaithful trustee may
be prevented from making a profit from his violation
of duty, and yet the beneficiary cannot avail himself
of money laid out for his use and keep the property
too. He must rescind, and in doing so restore to the
purchaser the money which has been paid to him as
a consideration.

Respondent claims that this case was overruled in
*Jones* v. *Hanna*, 81 Cal. 507. Counsel are misled by the
dissenting opinion rendered in that case in which that
view was taken. In the opinion of the court that idea
is expressly repudiated, and the point adjudged was
very different from that raised in this case or in *Boyd*
v. *Blankman, supra.* There the administratrix had the
personal property of the estate sold at 'auction.' She
asked the auctioneer to bid them in for her. He con-
sented to do so, but demanded security for the price
and for his commissions. Bihler, who was the appel-
lant in *Jones* v. *Hanna, supra,* became such surety, giving
to Jones, who was to purchase for Mrs. Hanna, his note.
The suit was on this note, and the court held it void, as
against public policy. It was given to secure Jones
upon his contract to assist Mrs. Hanna to violate her
trust. The sale to Jones for Mrs. Hanna was not declared
void.

A simple illustration will show the difference in the
cases. A desires to defraud B by inducing him to sell
to A his land for half its value. He employs C to
assist in deceiving and defrauding B, and for such serv-
ices promises him one thousand dollars, and gives his
note for that amount. The fraud having been consum-
mated, the court will not aid C in the collection of his
note, but will hold it void. But B cannot assume that
his deed is void and sue A in ejectment to recover the
land; he must rescind, and bring his action alleging the
acts of fraud. In *Jones* v. *Hanna, supra,* plaintiff was
suing on such a note, at least the court so held.

*Bergin* v. *Haight*, 99 Cal. 52, has no application. There it was charged that the administration itself was a fraud. Administration was not sought to pay debts or to pass the property to heirs, but as means of a fraudulent acquisition of the property by the plaintiff.

No debts were paid and no costs which benefited the heirs. There was no occasion for rescission. And besides no such point was raised or attempted to be.

It is said that, inasmuch as the deed was made before the decree of confirmation, the sale was directly to the administratrix, and therefore not within the rule laid down in *Boyd* v. *Blankman, supra.*

The title passed to Mrs. McNeil by inurement when it passed to Potter. It was the exact case then of a purchase by the administratrix *per interpositam personam* as in the case of *Boyd* v. *Blankman, supra.* In such cases the sale is always virtually to the administrator, and it is that fact which renders it voidable.

In *Burris* v. *Adams*, 96 Cal. 664, which was an action by the same plaintiff, and in which the attorneys on both sides were the same, it was held that a complaint in all respects similar to that in the case at bar was insufficient, because the facts constituting the fraud were not averred.

There is no reason why that rule should not apply to this case. Plaintiff sues upon the theory that he is the owner, not to have a title, which defendant has procured by fraud, declared fraudulent and therefore void.

Counsel says the objection cannot prevail here, for all the facts are set out in the answer.

The answer contains several defenses, but in none of them is it admitted that the title of defendant was obtained by fraud. One defense consists in a denial of plaintiff's title. This was all the answer defendant required. The other defenses were that plaintiff was estopped; that the sale had been ratified, and that the defendants, in case the sale was held void, were entitled to be subrogated to the rights of creditors of the estate whose claims they had paid. The facts were alleged with

reference to these last defenses, and were material only to them. Until plaintiff showed his title they were not material, and even then defendants need not rely upon them. They could prove, as they did, under the denial of defendant's title, that plaintiff never had title by showing that they had it themselves. The fact that the action was brought to quiet title rather than to recover possession does not require any different pleading on the part of defendants. It is not a bill of discovery, and defendants are not required to state the nature of their claim for the benefit of plaintiff, or simply to have it passed upon by the court. As the record stands, defendants are entitled to recover upon the first issue made by them, to wit: the denial of plaintiff's title.

But in no event would the answer change the theory of plaintiff's action, or constitute notice that he relied upon fraud. He would have been compelled in this case not only to set up the fraud but to seek a rescission of the fraudulent sale. Perhaps he would not have been required to make a tender as prescribed in the code. It may sometimes be impossible to do that. In such cases a party desiring to sue to enforce a rescission must at least offer as a condition to make such restitution as the court shall direct. And, if the parties cannot be placed substantially in *statu quo,* the court may refuse the relief.

The judgment and order are reversed and a new trial awarded.

GAROUTTE, J., HARRISON, J., HENSHAW, J., VAN FLEET, J., and BEATTY, C. J., concurred.

McFARLAND, J., concurring.—I concur in the judgment. I also concur in the opinion of Mr. Justice Temple as I understand it. I do not understand that opinion as declaring any thing more on the subject of jurisdiction than this: that while the superior court, when dealing with probate matters, is to be considered as a court of general jurisdiction, with the same presumptions attach-

ing to its acts as in any other action or proceeding over which it has jurisdiction, still a proceeding to sell real property of an estate must be instituted as provided by statute; and that the court has no more jurisdiction to decree a sale without a petition than it would have to render a judgment on a promissory note where no action had been instituted by the filing of a complaint. As thus understood the opinion is not in conflict with *Pryor* v. *Downey,* 50 Cal. 398, 19 Am. Rep. 656, and the long line of cases there cited, and referred to in *Richardson* v. *Butler,* 82 Cal. 174, 16 Am. St. Rep. 101, which hold that "though the proceeding for the sale occurs in the general course of administration, it is a distinct proceeding in the nature of an action in which the petition is the complaint and the order of sale is the judgment." (*Pryor* v. *Downey, supra.*)   After the act of 1858 the old county court was, as to probate proceedings, treated as a court of general jurisdiction; and the fact that the present constitution gives jurisdiction of probate proceedings to the superior court does not affect the rule as there stated. The petition for a sale is a necessary prerequisite to the jurisdiction of the court to order a sale; and I do not understand the opinion in this case to hold otherwise. In all other respects I fully concur in the opinion.