[No. 15819.   Department Two.—December 23, 1895.]

FREDERICK SCHLICKER, RESPONDENT, *v.* D. D. HEMENWAY, PERSONALLY, AND AS ADMINISTRATOR, ETC., APPELLANT.

ESTATES OF DECEASED PERSONS — INVALID SALE OF LAND — ORDER FOR AUCTION—PRIVATE SALE—CONFIRMATION—WANT OF JURISDICTION.— Where the land of a deceased person is ordered to be sold at auction, and the return of the sale made by the executor shows that the land was sold at private sale, and not at public sale, as directed in the order of sale, the sale is void on the face of the record, and the court has no power to confirm it.

ID.—DEPOSIT OF PURCHASE MONEY WITH EXECUTOR—REPRESENTATIVE CAPACITY—LIABILITY OF ESTATE.—A deposit on account of purchase money with the executor by the purchaser at such void sale is not received by the executor in his representative capacity, he having no right to demand or receive it; and the estate is not liable to the purchaser for a return of the deposit unless it be shown that it has been actually made a part of the assets of the estate, through being accounted for to the estate, or actually used for its benefit.

ID.—ACTION TO RECOVER DEPOSIT—MISJOINDER OF PARTIES AND CAUSES OF ACTION—AMBIGUITY AND UNCERTAINTY.—Where an action is brought to recover the deposited purchase money paid to the executor, against

the executor individually, and also as executor of the estate, the com-plaint is demurrable on the ground of misjoinder of parties and of causes of action, and, where it does not show clearly whether it is sought to charge the executor personally or the estate, or both of them jointly, it is demurrable for ambiguity and uncertainty; and it is also demurrable upon the ground that it does not state a cause of action against the defendant as representative of the estate.

APPEAL from a judgment of the Superior Court of Sonoma County. R. F. CRAWFORD, Judge.

The facts are stated in the opinion of the court.

*J. P. Rodgers*, for Appellant.

The complaint does not state a cause of action against D. D. Hemenway personally, and hence the judgment against him is invalid, and should be reversed. (Free-man on Judgments, 2d ed., secs. 116, 118, 120.) There is a misjoinder of parties defendant, in that D. D. Hemen-way is sued personally and as executor of the last will of Greenbury Hinkston, deceased. For such misjoinder of parties the demurrer should have been sustained. (*Hibernia Savings etc. Soc.* v. *Ordway*, 38 Cal. 681; *Rut-enberg* v. *Main*, 47 Cal. 221; *Haverstick* v. *Trudel*, 51 Cal. 434; *Dias* v. *Phillips*, 59 Cal. 294.)

*Haskell & Meyer*, for Respondent.

TEMPLE, J.—This is an appeal taken from a judgment rendered because defendants declined to answer after their demurrer was overruled.

The action is brought against defendant individually, and as executor of the estate of Greenbury Hinkston, deceased, to recover seven hundred and fifty dollars, received by Hemenway under the following circum-stances, as set out in the complaint:

An order of sale was made in the estate, authorizing and directing the executor to sell certain real estate at public auction. The executor negotiated a private sale to plaintiff, and reported it to the court as a private sale. In the probate court, when the matter of the con-firmation came up, plaintiff increased his bid from six

thousand dollars to six thousand eight hundred dollars. The sale was then confirmed to him. At the time of making the bid he put up, as required, seven hundred and fifty dollars. Plaintiff refused to complete his purchase, and, therefore, the order of confirmation was vacated, and the property resold. The complaint does not show whether it brought more or less than the offer of plaintiff. Plaintiff demanded the return to him of the seven hundred and fifty dollars, and, as the defendant declined, he brought this action.

The complaint was demurred to on various grounds, and, among others, on the ground that there is a misjoinder of parties defendant, in that Hemenway, as an individual, is joined with the representative of the estate of Hinkston, when the complaint not only fails to show a joint or joint and several liability, but shows that both cannot be liable. Also, that there is a misjoinder of causes of action, with specifications very nearly as above. Also, that the complaint is ambiguous, because it cannot be ascertained therefrom whether it is sought to charge Hemenway or the estate. Also, uncertain for the same reason.

The demurrer should have been sustained on all these grounds. The complaint is also specially demurred to on the ground that it does not state a cause of action against Hemenway, and, separately, that it does not state a cause of action against the representative of the estate. The cause of action is based, generally, upon the proposition that because the return of the sale made by the executor shows that the land was sold at private sale, and not at public sale as directed in the order of sale, the court had no jurisdiction to confirm it, or, at least, that the sale was void on the face of the record. I think this must be conceded.

Then did the executor receive the money in his representative capacity? If he had taken the money to make good a bid which he had a right to receive, it might have been contended with some plausibility that he received it in his representative capacity. But, in-

asmuch as he had no right to demand or to receive the money, because the sale in that mode was void, I think the estate is not liable unless it be further shown that it has been actually made a part of the assets of the estate, through being accounted for to the estate, or actually used for its benefit. Suppose, for instance, the executor had been required to give no bonds and was irresponsible and had embezzled the money, could the plaintiff have sued his successor in office and compelled the estate to pay it? If so, why? The bid was not authorized by the order of sale. As executor he had no right to receive the money, and it was not received in the discharge of any official duty.

I do not concede that, even had the executor received the money in his official character, the estate would be liable for it; but, waiving that question, I think it evident that here the estate cannot be held.

Judgment reversed, and cause remanded with direction to sustain the demurrer.

.   McFarland, J., and Henshaw, J., concurred.