[S. F. No. 1753.   Department Two.—January 18, 1900.]

In the Matter of the Estate of SOLOMON HEYDENFELDT, Deceased. ELIZABETH A. HEYDENFELDT, Appellant, v. CHARLES ASHTON and JULIUS JACOBS, Executors, etc., Respondents.

ESTATES OF DECEASED PERSONS—SALE OF REAL ESTATE—SUFFICIENCY OF PETITION—REVIEW UPON APPEAL.—A petition for the sale of real estate which shows a substantial compliance in all respects with the requirements prescribed by section 1537 of the Code of Civil Procedure, is sufficient to sustain an order of sale upon appeal therefrom; and the petition cannot be assailed upon appeal for any mere uncertainty or inaptness of expression which was not objected to by special demurrer or otherwise in the court below.

ID.—SALE OF UNPRODUCTIVE PROPERTY — WILL—APPLICATION OF PROCEEDS TO DEBTS—FINDING AS TO PROCEEDS—ESTOPPEL.—Upon petition of the executors to sell unproductive property, the proceeds of the sale of which are directed by the will to be applied in payment of debts, a finding that the executors have no proceeds of the sales of such property in their hands is not barred by the estoppel of a former finding, made upon a previous petition of a daughter of the decedent to direct the executors to pay a mortgage debt upon property willed to her, to the effect that the amount then realized from the sales of unproductive property, inclusive of such property then unsold, would largely ex-

ceed the mortgage debt.  There can be no element of estoppel in the former finding, where it appears that much of the property had since been used for other purposes, that the former finding was not necessary to the judgment in that proceeding, and that the executors were then on the same side with the appellant who urges the estoppel; and either of these facts is sufficient to preclude the estoppel.

Id.—General Order of Sale—Application of Proceeds — Presumption.—Where the order of sale appealed from included both unproductive and other property, and the sale of the entire property was ordered for the payment of debts, and of large expenses of administration, taxes, etc., it is to be presumed that the court will properly distribute the proceeds of sale, in view of all the facts in the case, and the rights of the parties interested.

APPEAL from an order of the Superior Court of the City and County of San Francisco directing the sale of the real estate of a deceased person.   J. V. Coffey, Judge.·

The facts are stated in the opinion of the court.

Knight & Heggerty, and George D. Collins, for Appellant.

Evans & Meredith, and Lester H. Jacobs, for Respondents.

McFARLAND, J.—The executors filed a petition for an order directing the sale of certain real property of the estate in order to redeem from sale under a decree of foreclosure certain property that had been sold for indebtedness of the testator, and in order to pay charges and expenses of administration, to pay taxes on the property of the estate, etc.   Written objections to the petition were filed by Elizabeth A. Heydenfeldt, widow of the testator, and certain other heirs.   After a full hearing of the matter, the court, on the 12th of January, 1898, made an order directing certain real property to be sold.   From this order the widow, Elizabeth A. Heydenfeldt, appeals.

The points mainly relied on here for a reversal are based on asserted insufficiencies of the petition for the sale.   No objections of that character were made in the court below; but appellant contends that the petition occupies the position of a complaint in an ordinary action, which may be assailed at any time on the ground that it "does not state facts sufficient to constitute a cause of action."   Assuming, for the purposes of this decision, that this is so, still a complaint cannot be successfully

attacked on that ground, unless it exhibits a total failure to
state the necessary facts; the point that a statement is insuffi-
cient which is easily understood as an attempted statement of a
particular fact, and is merely shadowed by some uncertainty or
want of fullness or aptness of expression, can be reached only by
a special demurrer or objection in the court below.   And in this
case, without enumerating here the various objections to it, it
is sufficient to say that the petition shows a substantial com-
pliance in all respects with section 1537 of the Code of Civil
Procedure, which prescribes what a petition for the sale of prop-
erty should contain; and "a substantial compliance is enough."
(*Stuart v. Allen*, 16 Cal. 474; 76 Am. Dec. 551; *Richardson v.
Butler*, 82 Cal. 174; 16 Am. St. Rep. 101; *Burris v. Adams*, 96
Cal. 666, 667; *Burris v. Kennedy*, 108 Cal. 331.)

The will of the testator directs that his debts be paid from
proceeds of sales of his unproductive property; and appellant
contends that the court was estopped by a finding in a former
proceeding from finding in this present proceeding that the ex-
ecutors have no such proceeds in their hands.   The former pro-
ceeding was a petition of Zeila O. Hellings, a daughter of the tes-
tator, for a direction to the executors to pay and discharge cer-
tain mortgage indebtedness of the testator, in which she averred
that the executors had sufficient funds in their hands to dis-
charge said indebtedness.   The executors filed a written opposi-
tion to the granting of said petition, and so did the present ap-
pellant.   In that proceeding the court found, among other
things, "that the amount realized as proceeds of sale of the un-
productive property of said estate, inclusive of the unproductive
property of the estate still unsold, largely exceeds the amount of
said mortgage indebtedness, the same amounting, in fact, to the
sum of over seventy thousand ($70,000) dollars."   That finding
was made on May 27, 1896, and it did not estop the court from
finding that there were no funds in the hands of the executors
at the time the order now appealed from was made, for various
reasons.   In the first place, it was not a finding that the execu-
tors, even at that time, had, as a product of the sale of unpro-
ductive property, the sum of seventy thousand dollars, but only
that the proceeds of sale, together with unproductive property
then still unsold, amounted to that sum, and it appears that

much of the property has since then been used for other purposes. In the second place, the finding was not necessary to the judgment in that proceeding, and therefore is not an estoppel as against anyone. (See *Lillis v. Emigrant Gap Ditch Co.*, 95 Cal. 553.) In the third place, the present appellant, and the executors who are respondents here, were not on opposite sides in the former proceeding, but were in that proceeding on the same side, and therefore the appellant cannot here invoke the principle of estoppel. (Code Civ. Proc., sec. 1910.)

The court found, upon sufficient evidence, that all the property ordered to be sold is unproductive property, except a tract of land in Tulare county of the value of seven thousand six hundred and eighty dollars; and appellant contends that the order is erroneous, because the product of the sale of the Tulare land, as said land is not unproductive, cannot be applied to the payment of the debt of the testator here sought to be discharged. But the sale was not ordered for the payment of the debt alone. It includes also large expenses of administration, taxes, etc. If the order should have provided that the proceeds of the sale of the Tulare land should be applied to the expenses of administration alone, and that only the proceeds of the unproductive property should be applied to the debt, the only result would be a modification of the order here directing that the proceeds of the sales of the property be thus segregated. It is not to be presumed, however, that the court below will not make a proper distribution of the proceeds of the sales; and as it is fairly contended that the appellant and other persons interested in the estate have heretofore received unproductive property, and the proceeds thereof, which should have been applied to the payment of the said mortgage indebtedness, we do not feel called upon to embarrass the court below by any specific directions in the premises.

The order appealed from is affirmed.

Temple, J., and Henshaw, J., concurred.