[L. A. No. 1180. Department Two.—September 30, 1903.]

G. L. MESNAGER, Executor, etc., et al., Plaintiffs, v. E. C. DE LEONIS et al., Appellants; JOHN GOLDS-WORTHY, Receiver, and CHARLES WELLBORN, Referee, Respondents.

PARTITION—RECEIVER—APPOINTMENT — COMPENSATION—PRESUMPTION— COLLATERAL ATTACK.—In an action for partition, a receiver may be appointed, in a proper case; and where the record upon appeal, from an order allowing compensation to the receiver, shows that the order appointing a receiver was made upon notice, and merely shows that the appointment was opposed, but does not show the grounds of the opposition, it must be presumed in favor of the order of appointment that all the evidence necessary to support it was presented; and the attack on the order of appointment being collateral to such appeal, all inferences must be indulged in favor of the jurisdiction of the court to make the appointment, and to sustain the order appealed from.

ID.—COMPENSATION OF REFEREE—DISCRETION AS TO AMOUNT.—In fixing the compensation of a referee in an action for partition, the court is not limited to a compensation of five dollars per day, but has a wide discretion to determine what is a proper compensation to the referee, and its action will not be disturbed upon appeal, if there is no plain abuse of discretion.

APPEAL from orders of the Superior Court of Los Angeles County fixing the compensation of a receiver and of a referee in an action for partition. Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

Dunnigan & Dunnigan, and C. F. McNutt, for Appellants.

The case was not a proper one for a receiver. (High on Receivers, secs. 603, 604; Smith on Receivers, sec. 317; *Goodale* v. *District Court,* 56 Cal. 28, 32; *Fisher* v. *Superior Court,* 110 Cal. 138; *Baker* v. *Varney,* 129 Cal. 565.[1])

E. A. Meserve, and Charles Wellborn, for Respondents.

The court had jurisdiction to appoint a receiver. (*Goodale* v. *District Court,* 56 Cal. 26; *Shimmins* v. *District Court,* 57 Cal. 148; *Woodward* v. *Superior Court,* 95 Cal. 276; *Illinois T. and S. Bank* v. *Pacific Ry. Co.,* 115 Cal. 285, 296.) The attack here is collateral, and every presumption is in favor of the action of the court below. (*Illinois T. and S. Bank* v. *Pacific Ry. Co.,* 115 Cal. 285, 296; *Woodward* v. *Superior Court,* 95 Cal. 276.)

LORIGAN, J.—This is an appeal from two orders made after the final decree in a suit for partition—the one allowing compensation to the receiver in the action for his services and those of his attorney, the other allowing compensation to the referee; also, an appeal from that part of the final decree directing payment of the amounts. The action in partition was commenced in 1898, and the receiver, Goldsworthy, was appointed in 1899, over the opposition of appellants. He qualified as such with the knowledge of all the parties to the action, and continued to so act until the premises to be partitioned were sold by the referee in 1901. No appeal was taken from the order appointing said receiver.

Appellants, however, make the point on this appeal from the orders making such allowance that the original order appointing the receiver was void. We cannot so consider it.

This is an action in partition, and in such action, in proper cases, a receiver may be appointed. The lower court had jurisdiction of the subject-matter and the parties, and had power to hear and determine a motion for such appointment. The order was made upon notice, and it is of no moment that the notice was given under the original complaint, and disposed

[1] 79 Am. St. Rep. 140.

of after an amended and supplemental complaint was filed. It came on regularly for hearing under the latter, and appellants appeared to it and opposed it. The order was made, no appeal was taken from it, and there the matter rested until the final decree of partition was made.

As far as the opposition of appellants to the appointment is concerned, the record simply shows that they opposed it; it does not disclose the ground of the opposition, whether it consisted of an objection to the jurisdiction, or contest on the merits. Neither is there anything in the record showing what facts were presented to the court on the hearing, and in the absence of such it must be presumed, in favor of the order appointing the receiver, that all the evidence essentially necessary to authorize the court in so doing was presented.

As this appeal is in the nature of a collateral attack upon the order appointing the receiver, it is well settled that as against such an attack, "if the jurisdiction of the court can in any event be upheld and its action validated, this will be done even though the facts showing such jurisdiction are defectively stated and inferences must be indulged in to support the judgment." (*Illinois T. and S. Bank* v. *Pacific Ry. Co.,* 115 Cal. 296; *Woodward* v. *Superior Court,* 95 Cal. 276.)

Concerning the allowance to the referee (who does not appear to be represented on this appeal), appellants insist that the court should have allowed him but five dollars a day for his services as such referee. The court, however, allowed him a much larger sum, proceeding under section 768 of the Code of Civil Procedure, which grants discretion to the court in fixing the fees of referees in partition. Counsel insists that this section is not the law governing the matter. It appears that at the same session of the legislature (1872-1873) which adopted the codes, section 280 of the Practice Act then in force, concerning referees' fees in partition, was amended (Stats. 1871-1872, p. 230), so as to allow such referees only the fees allowed by law, which it is contended, were provided for by section 280 of the Practice Act, now section 1028 of the Code of Civil Procedure, at five dollars a day. In support of this position counsel relies upon section 4479 of the Political Code, which provides that any law passed at the session of the legislature which adopted the codes, and which is inconsistent

with the provisions of either of them, must prevail over them; that the said amendment to the Practice Act, having been passed at the same session of the legislature that adopted the codes, and being inconsistent with section 768 of said Code of Civil Procedure, superseded it and is the prevailing law.

We are not disposed at this late day, and in this instance, to construe this section of the Political Code as broadly as counsel contends for. It may be a grave question whether the application of that section is not to be limited to the substantive body of the law, rather than to be extended to matters of procedure. However that may be, the learned annotators of our codes have never given this lone section of the Practice Act the place in the provisions of the Code of Civil Procedure in general use, which counsel now claims it is entitled to and should occupy. On the contrary, section 768 has been contained therein for many years, as the law on the subject, and the legal profession and the courts have with entire unanimity accepted it as such, and have acted on the theory that it has been the law, ever since the codes went into effect.

In *Treadwell* v. *Treadwell,* 134 Cal. 158, this court says, on an appeal where the sole question was addressed to the compensation of referees in partition: "In a case of this character, as in fixing the amount of an attorney's fee, the trial court is allowed a wide discretion, and upon appeal a plain abuse of that discretion must appear or the judgment will be affirmed."

While no mention is made in that decision of section 768 of the code, it is undoubtedly the one under which the decision was rendered, because as between it and the amended section of the Practice Act, it alone vests discretion in the court.

As to the further point that the showing was insufficient to warrant the court in making such allowance as it did, we think it without merit.

Discretion is allowed the court, as above indicated, in determining what is a proper compensation for a referee, and there is nothing in the record which indicates that other than a just amount was awarded.

The orders and portions of the decree appealed from are affirmed.

McFarland, J., and Henshaw, J., concurred.