[Civ. No. 20715.  First Dist., Div. Three.  June 7, 1963.]

WILSON FREEMAN, Plaintiff, Cross-defendant and Appellant, v. HOWARD McCLUNG, as Administrator, etc., et al., Defendants, Cross-complainants and Respondents; MARIE PAPPAS et al., Defendants and Respondents; MAY L. FREEMAN, Cross-defendant and Appellant.

Falk & Falk, Charles E. Buxton, Jr., and Ralph E. Hillier for Appellants.

James R. Hooper, Mathews & Traverse and Francis B. Mathews for Respondents.

SALSMAN, J.—Appellant, Wilson Freeman, filed a complaint against respondents to quiet title to a parcel of real property on the ground of adverse possession; respondents answered and filed cross-complaints to quiet their respective titles to fractional interests claimed by each of them in the same property. After trial the court denied appellants any relief and quieted the title of the various respondents as prayed for in their cross-complaints. This appeal followed.

Appellants do not challenge that portion of the judgment which denied their claim to title by adverse possession. They further admit the judgment in favor of respondents Edwin M. Fraser and Catherine E. Fraser is proper. Appellants' principal complaint on appeal is that the judgment in favor of respondents Pappas and Stathes is erroneous because their interest, so it is claimed, is based upon a void order of the probate court confirming a sale of that interest while held in the estate of Kate Melson. This issue was not litigated in the trial court, but the entire record in the estate of Kate Melson was in evidence and it contains the notice of sale, petition for confirmation of sale, and order confirming sale, and these are the proceedings which appellants claim are invalid and render the order confirming sale void.

█ The order confirming sale of the real property in the estate of Kate Melson was an appealable order. (*Estate of Smead*, 12 Cal.2d 20 [82 P.2d 182].) No appeal was ever taken from that order, however, and appellants' challenge to it here is purely a collateral attack upon the order. █ Generally an order such as the one involved here cannot be impeached in a collateral attack for errors and irregularities, but is subject to attack for lack of jurisdiction on the part of the court making the order. (*Milstein* v. *Turner,* 89 Cal. App.2d 296, 298 [200 P.2d 799].) █ The order is presumed to be valid and the burden is upon appellants therefore to show lack of jurisdiction. (See *Craney* v. *Low,* 46 Cal. 2d 757, 760 [298 P.2d 860]; *Mesnager* v. *De Leonis,* 140 Cal. 402 [73 P. 1052].) █ Moreover, if the order be void, as appellants contend, this fact must appear from the face of the record itself. (*Wells Fargo & Co.* v. *City & County of San Francisco,* 25 Cal.2d 37, 40 [152 P.2d 625]; *Phelan* v. *Superior Court,* 35 Cal.2d 363, 372, 373 [217 P.2d 951].)

█ The facts surrounding the sale of the interest of the estate of Kate Melson to respondent Pappas, as shown by the record, are these: Howard McClung, as administrator, gave notice of sale of the estate's interest, and noticed the sale as

one at public auction. Notice of sale was published as required by law. At the time and place specified in the notice, the administrator offered the property for sale at public auction. Only two persons were then present, and neither desired to make a bid for the property. The petition for confirmation of sale recites: "That prior to the said time and place of sale immediately subsequently to said time and place of sale, that one T. Patterson . . . did state to your petitioner that he would pay the sum of Eight Thousand ($8000.00) Dollars for the said real property . . . that your petitioner did agree to sell said property to the said T. Patterson subject to the confirmation of sale by this Court." At the hearing on the return of sale and petition for confirmation respondent Pappas appeared, increased the bid returned and obtained the property through sale in open court. On these proceedings the court entered its order confirming sale to Pappas.

It is appellants' position that McClung, as administrator, gave notice of sale at public auction and in fact conducted a private sale of the property; that the return and petition for confirmation shows the sale to have been private and not at public auction as noticed, and hence the court had no jurisdiction to enter its order confirming the sale, and the sale is therefore void.

Appellants rely upon *Schlicker* v. *Hemenway*, 110 Cal. 579 [42 P. 1063, 52 Am.St.Rep. 116]. There the executor made a private sale of property after being authorized by the court to make a sale at public auction and the court held the sale void. That case may be readily distinguished from the one we now consider. At the time the *Schlicker* case was decided the executor or administrator was first required to obtain an order of court before making a sale of real property belonging to an estate. Moreover, all sales, by statutes then in effect, were required to be made at public auction. (*In re Dorsey*, 75 Cal. 258 [17 P. 209].) There was this exception: the probate court had discretion in a proper case to order a private sale. Thus the only power possessed by the executor in the *Schlicker* case was to make a sale at public auction; and it was properly held that an attempted private sale was void. ▉ Under the present statute, however, (Prob. Code, § 754) the executor or administrator has discretionary power to sell property of the estate at public or private sale, and he may do so without prior order of court. ▉ Except as provided in Probate Code sections 770 and 771, all such sales

must be reported to the court for confirmation before title passes. Here the administrator elected to sell at public auction and the most that can be said in appellants' favor is that the record of the proceedings relating to the sale is ambiguous and does not clearly reflect whether the sale actually made was at public auction or was a private sale. The petition for confirmation does show, however, that when the property was offered for sale at public auction pursuant to notice properly given, the administrator held the bid of T. Patterson; that there were no bids at the public auction, other than the continuing bid of T. Patterson, and that the bid of Patterson was returned to the court for confirmation. The court found the sale was legally made and fairly conducted and nothing appears on the face of the record to show that the sale made was not made in the manner noticed. Moreover, upon the hearing on return of sale to Patterson, the court asked for further bids and it was upon such a bid in open court that respondent Pappas became the purchaser. The record does not show therefore that the court lacked jurisdiction to confirm the sale to Patterson, or to respondent Pappas upon the latter's higher bid in open court. Appellants thus have not sustained their burden of proof and their attack upon the order must fail. ▇ Finally, and conclusive of the issue presented on this appeal, is the fact that the notice of sale, the sale itself, the petition for confirmation and the order confirming sale all show substantial compliance with the provisions of the Probate Code relating to the sale of estate property, and in such case, substantial compliance is sufficient to sustain the order confirming sale as against the collateral attack here made upon it. (See *Estate of Heydenfeldt*, 127 Cal. 456, 458 [59 P. 839]; *Burris* v. *Kennedy*, 108 Cal. 331 [41 P. 458]; *Burris* v. *Adams*, 96 Cal. 664, 666-667 [31 P. 565].)

Appeal from an order denying motion for new trial dismissed.

Judgment affirmed.

Draper, P. J., and Devine, J., concurred.

A petition for a rehearing was denied July 1, 1963, and appellants' petition for a hearing by the Supreme Court was denied July 31, 1963.